UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| LUIS SAMANIEGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 10-CV-80355 |
| ) | COHN/SELTZER |
| MASCO CORPORATION AND ) | |
| BUILDER SERVICES GROUP ) | |
| INC. ) | |
| Defendants. ) | |

DEFENDANTS MASCO CORPORATION AND BUILDER SERVICES GROUP,
INC.'S UNOPPOSED MOTION TO STAY ACTION AND TO COMPEL
MEDIATION, AND OPPOSED MOTION TO COMPEL
ARBITRATION AND INCORPORATED MEMORANDUM OF LAW

Defendants, MASCO CORPORATION ("MASCO") and BUILDER

SERVICES GROUP, INC. ("BSG") (together, "Defendants"), through their undersigned

counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure and Section 3 of the

United States Arbitration Act, 9 U.S.C. §§ 1 et seq. (the "Federal Arbitration Act"), moves

this Honorable Court for the entry of an order staying the present action and compelling

mediation and, if necessary, arbitration of all disputes between the parties to this action.  In

support of its motion, Defendants state as follows:

1.    Plaintiff, Luis Samaniego ("Plaintiff" or "Samaniego") filed the instant

action alleging a federal claim for unpaid overtime under the Fair Labor Standards Act

("FLSA").

2.      Prior to the filing of this action, Plaintiff entered into a valid and binding agreement (the "Dispute Resolution Policy" or "DRP") to resolve all claims and disputes between the company and the employees within the United States arising out of the employees' employment or termination, including claims for wages or compensation, through mediation and, if necessary, binding arbitration with the American Arbitration Association ("AAA").

3.      A copy of the Dispute Resolution Policy is attached as Exhibit "A." A copy of Plaintiff's signed acknowledgement of the Dispute Resolution Policy is attached as Exhibit "B."

4.      The Dispute Resolution Policy specifically provides for the mediation and arbitration of any claim under applicable state or federal law an employee within the United States might have against the Company including, for example, all claims for wages or other compensation due. *See* Exhibit "A," under the heading "Claims Covered by this Policy."

5.      Because the Dispute Resolution Policy provides for the mediation and, if necessary, binding arbitration of claims such as those alleged by Plaintiff in the Complaint, this action should be stayed and referred to mediation and, if necessary, binding arbitration with AAA.

## MEMORANDUM OF LAW

### I.      Introduction

Plaintiff brings a claim for alleged violations of the FLSA. Specifically, Plaintiff alleges that Defendants failed to pay overtime wages for hours worked in excess of

2

40 per workweek.  Prior to the filing of his Complaint, however, Plaintiff entered into valid and binding Dispute Resolution Policy.  Under this policy, Plaintiff agreed to resolve all claims and disputes arising out of his employment through mediation and, if necessary, binding arbitration.  Moreover, Plaintiff agreed to be bound by those laws best promoting the enforceability of mediation and arbitration agreements, including the Federal Arbitration Act.  The Dispute Resolution Policy expressly covers:

> . . . any claim under applicable state or federal law an employee within the United States might have against the Company including, for example, all claims for: wages or other compensation due; . . . .

Exhibit "A."

Plaintiff's FLSA claim is precisely the type of claims covered by the Dispute Resolution Policy as it is brought under Federal law for "wages or other compensation due."

## II.   Discussion

It is now an axiom of federal and Florida law that written agreements to arbitrate are binding and enforceable. *See, e.g., Circuit City Stores, Inc. v. Adams*, 121 S. Ct. 1302 (2001); *KFC Nat'l Management Co. v. Beauregard*, 739 So. 2d 630, 631 (Fla. 5th D.C.A. 1999).  The "principles of arbitration law apply with equal validity to Title VII claims." *Maddox v. United States Healthcare-Adams*, LLC, 350 F. Supp. 2d 968, 973 (M.D. Ala. 2004) (citing *Bradford v. KFC Nat'l Mgmt. Co.*, 5 F. Supp. 2d 1311, 1312 (M.D.Ala.1998).  Furthermore, "if an issue is arbitrable under the agreement, the Arbitration Act leaves a court without discretion" and requires that the trial be stayed until arbitration is completed. *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149,

1156 (3d Cir. 1989); *see also Shearson/American Exp. v. McMahon*, 482 U.S. 220, 226-227

(1987).

> Specifically, Section 3 of the Federal Arbitration Act provides:
>
> If any suit or proceeding be brought in any of the courts of the United
> States upon any issue referable to arbitration under an agreement in
> writing for such arbitration, the court in which such suit is pending,
> upon being satisfied that the issue involved in such suit or proceeding
> is referable to arbitration under such an agreement, shall on application
> of one of the parties stay the trial of the action until such arbitration
> has been had in accordance with the terms of the agreement . . .

9 U.S.C. § 3.

According to the United States Supreme Court, the Federal Arbitration Act

embodies a congressional declaration of a liberal federal policy in favor of arbitration. *See*

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). This

policy requires that the "[federal courts] rigorously enforce agreements to arbitrate." *Dean*

*Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221, (1985).   The Federal Arbitration Act,

standing alone, therefore mandates enforcement of agreements to arbitrate statutory claims.

In determining whether to compel arbitration pursuant to the parties' executed

arbitration agreement, courts must consider: (1) whether a valid written agreement to

arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration

was waived. *Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004).

In the instant case, Plaintiff and BSG entered into a valid written agreement to

submit claims to arbitration. *See* Exhibit "A." Moreover, arbitrable issues exist in the instant

action because Plaintiff claims Defendants have violated the FLSA purportedly by failing to

pay overtime wages as required by the statute. *See* Exhibit A. These claims are precisely the types of claims covered by the Dispute Resolution Policies.

Furthermore, by filing the instant Motion, Defendants have not waived, but rather seek to enforce, their right to submit the arbitrable issues to arbitration. *See Keytrade USA, Inc. v. Ain Temouchent M/V*, 404 F.3d 891, 898 (5th Cir. 2005) (holding that the defendant did not waive its right to arbitrate claims by filing motion to compel arbitration even though a motion for summary judgment was filed concurrently therewith). Any acts in furtherance of enforcement of the Dispute Resolution Policy may not be construed as a waiver.

For the reasons stated above, Defendants respectfully submit that (1) the parties entered into a valid written agreement to submit to mediation and arbitration, (2) arbitrable issues exist, and (3) they have not waived their right to submit the arbitrable issues to arbitration. Accordingly, the instant action must be stayed pending mediation and arbitration pursuant to the Dispute Resolution Policy.

## LOCAL RULE 7.1.A.3, S.D. FLA. CERTIFICATE

Pursuant to Local Rule 7.1.A.3, S.D. Fla., the undersigned conferred with opposing counsel regarding this Motion. Opposing counsel does not oppose Defendants' request to stay this matter in order to mediate, and the parties stipulate that the mediation shall satisfy their obligation(s) to mediate pursuant to either the Dispute Resolution Policy or this Honorable Court's requirement.

Plaintiff does, however, oppose Defendants' request to compel arbitration in this matter. The parties respectfully suggest that the Court stay this matter and compel

mediation, such that no response to the portion of this motion seeking to compel arbitration shall be due unless the mediation does not result in a settlement.

WHEREFORE, Defendants, MASCO CORPORATION and BUILDER SERVICES GROUP, INC., respectfully request this Honorable Court enter an order: (i) granting this Motion; (ii) staying the instant action; (iii) compelling mediation; (iv) compelling arbitration, if necessary, of any and all disputes between Plaintiff and Defendants; and (v) awarding such further relief as the Court deems just and proper.

Dated this 21st day of May, 2010.

JACKSON LEWIS LLP
390 North Orange Avenue, Suite 1285
Orlando, Florida 32802-3389
Telephone:     (407) 246-8440
Facsimile:      (407) 246-8441

By:     *Keith L. Hammond*
Keith L. Hammond
Florida Bar No. 0164798
hammondk@jacksonlewis.com

Nicole A. Sbert
Florida Bar No. 0896861
sberta@jacksonlewis.com

Attorneys for Defendants, MASCO CORP
and BUILDER SERVICES GROUP, INC.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LUIS SAMANIEGO, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **CASE NO. 10-CV-80355** |
| MASCO CORPORATION AND ) | **COHN/SELTZER** |
| BUILDER SERVICES GROUP ) | |
| INC. ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of May, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*Keith L. Hammond*
Keith L. Hammond

<u>**SERVICE LIST**</u>

**Luis Samaniego v. Masco Corporation and Builder Services Group,**
**Case No. 10-CV-80355-Cohn/Seltzer**
**United States District Court, Southern District of Florida**

Thomas A. Hedler, Esq.
Florida Bar No.:  619371
Email:  thedler@shpalaw.com
Katie A. Kaplan, Esq.
Florida Bar No. 69210
Email: kkaplan@shpalaw.com
STERNBERG & HEDLER, P.A.
560 Village Blvd, Suite 270
West Palm Beach, FL  33409
Tel:  561-687-5660
Fax:  561-687-2283
Attorneys for Plaintiff
Method of Service:  CM/ECF

4816-1615-5654, v.  1

# Exhibit "A"

# Corporate
# Dispute Resolution Policy

Differences occasionally arise between the Company and a current or former employee. In most instances, these differences have been resolved through the Company's Open Door Policy or through informal discussions. However, in those rare instances where informal discussions and the Company's internal procedures do not produce a satisfactory result, litigation has been the only recourse to resolve the matter. Unfortunately, the litigation process is costly to all parties and is most time consuming. The Company believes there is a better and more efficient method to resolve those disputes that cannot be resolved informally. That method is a two-step dispute resolution mechanism of mediation and arbitration which are independent, fair, and equitable to all parties.

Under this Policy, which is a condition of continued employment and binding upon the Company and the employee, all claims and disputes a current or former employee within the United States might have arising out of the employee's employment or termination, which are not resolved through the Company's Open Door Policy and other normal human resource channels, shall be resolved through mediation and, if necessary, binding arbitration. The mediation and arbitration will be conducted by a neutral third party, the American Arbitration Association.

## Claims Covered by this Policy

The disputes covered by this Policy include any claim under applicable state or federal law a current or former employee within the United States might have against the Company including, for example, all claims for: wages or other compensation due; breach of any contract; negligence; intentional torts; any alleged exception to the workers' compensation laws; defamation; all forms of unlawful discrimination including, but not limited to, race, color, sex, religion, national origin, disability, marital status or age; denial of fringe benefits; violation of any federal, state, or other governmental law, statute, regulation, or ordinance; and, any other matters arising under common or statutory law. Disputes covered by this policy shall also include any claim an employee might have against any officer, director, employee, or agent of the Company, or any of the Company's subsidiaries, divisions, and affiliates, if that claim in any way arises out of or relates to the employment relationship or the termination of the employment relationship. It is the intent to submit to mediation and arbitration to the fullest extent permitted by law all disputes an employee might have against the Company and any of its subsidiaries, divisions, affiliates, officers, directors, employees, and agents. Because this Policy promotes mediation and arbitration as the exclusive remedy for claims covered by this Policy, the Company and the employee agree to be bound by those laws best promoting the enforceability of mediation and arbitration agreements, including the Federal Arbitration Act, federal common law, and any applicable state laws promoting arbitration.

## Claims Not Covered by this Policy

The only employee claims not covered by this Policy are those the employee might have for workers' compensation benefits, unemployment compensation benefits, and claims under any of the Company's employee welfare benefit and pension plans. In the case of a denial of benefits under any of the Company's employee welfare benefit or pension plans, the filing and appeal procedure contained in that plan must be utilized.

## Applicable Mediation and Arbitration Rules

The American Arbitration Association (AAA) is a public service, nonprofit organization that offers a wide range of independent, unbiased dispute resolution services to private individuals, businesses, associations and all levels of government. Because of the experience of the AAA in mediating and arbitrating disputes, the Company and its employees will be subject to the AAA Employment Dispute Resolution Rules (as amended and effective on June 1, 1997) and this Policy. Copies of the AAA rules may be obtained from the Company's Human Resources Department.

## Mediation

If a dispute arises between the Company and an employee which cannot be resolved through the Company's Open Door Policy or other internal human resource channels, the Company and the employee must first attempt to resolve the dispute through mediation by the AAA.

## Arbitration

If the dispute is not resolved through mediation, the dispute shall be resolved by exclusive, final and binding arbitration by the AAA before a single, neutral Arbitrator knowledgeable in employment law who shall follow applicable state and federal law and whose decision shall be final and binding upon both the Company and the employee. Judgment upon an award rendered by the Arbitrator may be entered in any court having jurisdiction.

## Fees and Expenses

As a benefit to employees, the Company will pay all of the expenses and fees of the Mediator. The Company will also pay ninety percent of the AAA's mediation administrative fees; the employee will pay ten percent. The Company will pay all of the expenses and fees of the Arbitrator. The Company will also pay seventy-five percent of the AAA's arbitration administrative fees; the employee will pay twenty-five percent.

## Right to Representation

The employee has the right to be represented by an attorney during any phase of the mediation and arbitration proceedings. The expenses of such representation shall be the sole responsibility of the employee.

## Time Limits

To insure the timely resolution of disputes, employees must initiate arbitration within one year of the time the claim accrued or, in the case of a claimed statutory violation, the time limits imposed by the applicable statute of limitations, whichever is longer. The failure to initiate arbitration within this time limit will forever bar any claim involving that dispute.

## Administrative Conference

To permit the consideration of any issues and procedures which will expedite the arbitration in a fair and equitable manner, at the request of either the employee or the Company, an Administrative Conference with the AAA will be held. Unless agreed to in writing by the parties at the Administrative Conference, all outstanding disputes an employee might have will be decided by the Arbitrator in the same proceeding.

## Arbitrator

The Arbitrator will be independent and impartial and no person shall serve as an Arbitrator who has any financial or personal interest in the result of the proceeding. The Arbitrator shall promptly disclose in writing to the employee, the Company, and the AAA any circumstances that would prevent the Arbitrator from acting independently and impartially. The employee or the Company may request the disqualification of an Arbitrator for the same reasons as a federal district court judge is subject to disqualification under federal law. When an Arbitrator has been challenged by either party, the other party may agree to the challenge or the Arbitrator may voluntarily withdraw. If neither agreed disqualification nor voluntary withdrawal occurs, the challenge shall be promptly decided by the AAA and its decision shall be final and binding.

In selecting an Arbitrator, the AAA shall be required to send the employee and the Company an initial list of ten potential Arbitrators. If for any reason an appointment cannot be made from this list, the AAA shall promptly send the employee and the Company a second list of ten potential Arbitrators. If for any reason an appointment cannot be made from the second list, the AAA shall have the power to make an appointment from among other members of the panel without submitting an additional list.

If for any reason an Arbitrator is unable to perform the duties of the office, the AAA may declare the office vacant and the vacancy will be filled according to the procedures for the initial appointment of an Arbitrator.

## Discovery

The employee and the Company are encouraged to agree to that discovery which shall take place prior to the arbitration hearing. Discovery shall be conducted in the most expeditious and cost-effective manner possible, and shall be limited to that which is clearly relevant and material to the dispute and for which the party has a substantial, demonstrable need. Upon request, either party shall be entitled to receive at least thirty days prior to the arbitration hearing, information and copies of documents which meet the criteria for discovery. Upon request, the Employee and the Company shall be entitled to take one deposition each at least thirty days in advance of the

arbitration; the employee and the Company will designate that individual whom they wish to depose but the individual must have direct knowledge of the issues in dispute.

Any disputes regarding discovery shall be decided by the Arbitrator and the Arbitrator may grant, upon good cause shown, either party's request for discovery in addition to or limiting that expressly provided in this Policy.

## Record

To insure that either the employee or the Company has an opportunity to review a record of the arbitration, the Arbitrator will maintain, in cooperation with the parties, a record of the arbitration proceedings for a period of one year after the Arbitrator's award is issued. The record is to include at a minimum all documents and exhibits produced in connection with the hearing, all briefs submitted by the parties, the award of the Arbitrator, a record of the arbitration hearing, and the written decision of the Arbitrator. A record of the arbitration hearing shall be made by audio, video taping, or by verbatim transcription, at the election and expense of the Company. All aspects of the arbitration, including the record, are confidential and not open to the public except to the extent both parties might otherwise agree in writing, the record is necessary for any subsequent proceeding between the parties, or, the record is necessary to respond to an order of a governmental agency or legal process.

In conducting the arbitration hearing, technical compliance with the rules of evidence shall not be necessary. However, applicable law with respect to privilege, including attorney-client privilege, work product, and compromise and offers to compromise must be followed.

## Damages and Relief

Upon a finding that the employee has sustained the burden of persuasion, the Arbitrator shall have the same power and authority (and no more) as would a judge in court to grant monetary damages or such other relief as may be in conformance with applicable principles of common, decisional, and statutory law in the relevant jurisdiction. The employee has a duty to mitigate any damages which might have been sustained.

## Employment Status

This Policy does not in any way alter the "at-will" status of the employee's employment. Nothing in this Policy will limit the employee's right to resign from the Company, or the Company's right to terminate the employee's employment for any reason at any time

## Non-Retaliation

The Company is committed to resolving legitimate employee disputes quickly and reasonably. The Company forbids any retaliation against any employee who in good faith pursues an employee dispute under this Dispute Resolution Policy.

## Change, Modification or Discontinuation

The terms of this Policy in effect at the time the facts giving rise to the dispute took place, are the terms which will be binding on the Company and the employee. Otherwise, the Company reserves the right to change, modify or discontinue this Policy at any time upon prior written notice to the Company's current employees.

## Additional Information

Any employee seeking information concerning the operation, meaning or application of this Policy may contact the Company's Human Resources Department.

# QUESTIONS AND ANSWERS

## What is the Open Door Policy and under the Dispute Resolution Policy who do I talk to first if I have a problem?

The Company has a long history of encouraging open communications as a means of solving problems. If an employee has a problem, concern, or suggestion for improving any phase of the business operation, the Company has always promoted a discussion of the matter between the employee and the employee's immediate supervisor. If the employee has not been satisfied with the supervisor's response, or if the employee has been unable to discuss the matter with supervision, the employee has always been encouraged to contact the Human Resources Department to help bring about a quick and informal resolution of any problem. The Company's Open Door Policy underscores the importance the Company places upon open communications as the best method for resolving problems. The new Corporate Dispute Resolution Policy does not affect the Company's commitment to open communications between you and the Company. In fact, the new Dispute Resolution Policy underscores the importance of the long standing policy of open discussion as the first and best avenue for dealing with any problem.

## Which employees are covered by the Dispute Resolution Policy?

All non-unionized full-time and part-time employees of the Company are covered by the Open Door and Dispute Resolution Policies -- there are no exceptions. As a condition of continued employment all covered employees, as well as the Company, will be required to follow the Policies and are bound by their terms.

Any individual who is employed by a subcontractor of the Company or is otherwise not employed directly by the Company is not eligible for participation in the Policies.

## Why was the Corporate Dispute Resolution Policy developed?

Although infrequent, occasionally disputes arise between current and former employees of the Company which cannot be resolved through normal Human Resource channels or the Company's Open Door Policy. When those disputes do arise, litigation in the Courts has been the only recourse to the resolution of those disputes. Trials in the Courts and with juries are often very long, drawn out, and expensive procedures for both the employee and the Company. Even after a Court or a jury renders a decision, if the employee or the Company is dissatisfied by the result, either party can appeal to yet another Court which will result in further delay and expense. Unfortunately, when these disputes are finally over the only real "winners" are oftentimes the trial attorneys who represented the employee and the Company.

The Company believes there are better and more efficient methods to resolve those disputes that cannot be resolved informally through normal Human Resource channels and the Open Door Policy. Instead of the delay and expense involved with the Courts and juries, the Corporate

Dispute Resolution Policy calls for a two-step dispute resolution process of mediation and arbitration which are independent, fair, and equitable to all parties. By relying upon independent Mediators and, if necessary, neutral third party Arbitrators, disputes will be resolved more quickly, efficiently, and involve far less expense than resolution of those disputes with Courts, juries, and attorneys.

## When is the Dispute Resolution Policy effective?

The policy was effective immediately.

## In the Corporate Dispute Resolution Policy, the American Arbitration Association is identified. What is the American Arbitration Association?

The American Arbitration Association is a nationwide, independent, non-profit agency which has a long history of providing dispute resolution services to businesses, governmental agencies, corporations, and private parties. Because of the experience of the American Arbitration Association, and its reputation for independence and neutrality, it was selected as the independent, outside agency for the Company's Dispute Resolution Policy.

## What is Mediation?

Mediation is a proceeding held before a neutral, third party, a Mediator, who is appointed by the American Arbitration Association. In this process, the Mediator helps to open up lines of communication and makes recommendations of possible ways of resolving the dispute but does not hand down a final decision. Any recommendations made by the Mediator are not binding and either the employee or the Company is free to accept or reject the recommended resolution. If either party rejects the recommendation, the dispute will proceed to Arbitration should the employee desire to pursue the matter further.

## What is Arbitration?

Arbitration is a process by which the parties to a dispute present evidence to a neutral, third party, the Arbitrator, who is appointed by the American Arbitration Association. Unlike Mediation, the procedure for the presentation of the dispute is more formal -- the Arbitrator will hear evidence from witnesses, review exhibits introduced at the hearing , and listen to the arguments of the parties. After receiving all the evidence and evaluating the dispute, the Arbitrator will issue an award. This award will be final and binding on both the Company and the employee.

## Will a Court ever decide any dispute covered by this Policy?

No; this Policy is the sole and exclusive remedy for all covered disputes. Under the Policy, any covered dispute which cannot be resolved through normal Human Resource channels will first be resolved through Mediation and, if necessary, decided by an independent Arbitrator. The Arbitrator's decision will be final and binding upon you and the Company. The Company and you have agreed that courts and juries will not become involved in deciding any disputes covered by the Policy. Neither you nor the Company will be able to have the ruling of the Arbitrator decided, overturned, or reviewed by a jury. Moreover, a judge cannot overturn the decision of an Arbitrator simply because the decision is believed by you or the Company to be unsatisfactory. Under unusual circumstances a decision made by an Arbitrator can be appealed to a court, however, judges will very rarely overturn the decision of an Arbitrator. The net result is a procedure which is far less expensive and time consuming and much more efficient.

## How does arbitration differ from a court trial?

An arbitration proceeding is held before an Arbitrator instead of a judge and a jury. An arbitration proceeding is generally much less formal than a court case. An arbitration proceeding will usually be held in a private office instead of a public courthouse. The Arbitrator will usually be a lawyer experienced in employment law who serves as a neutral arbitrator on a full-time or part-time basis. Each party may call and cross-examine witnesses and introduce documents supporting their position during arbitration, however, unlike a trial, strict rules of evidence and technical legal rules governing procedure are not followed. With Arbitration the decision is final; except under rare circumstances, the decision of the Arbitrator may not be reversed by subsequent proceedings. With a court or jury decision, an appeal may be filed causing lengthy delays of months and possibly years. Because it is faster and far less formal, arbitration is also less expensive. Also because the procedures are far less formal and technical, oftentimes the parties do not hire attorneys. Arbitration ends up costing both parties much less.

## Is there any limit on the award I can obtain through arbitration?

No. If the employee believes a legally protected right has been violated, the Arbitrator will determine if a legally protected right has indeed been violated and, if so, will determine the amount the employee can recover. The Arbitrator has the same authority as a judge or jury in the applicable jurisdiction in making awards and granting relief to employees.

## Can I have a lawyer present during the Mediation and Arbitration proceedings?

Yes. An employee may consult with an attorney prior to the Mediation and Arbitration hearing, and, if the employee wishes, the attorney may be present at any time during the Mediation and Arbitration. The employee is solely responsible for the cost of any attorney which might be retained.

## Will I still be able to go to the Equal Employment Opportunity Commission or any other state or federal agency to complain about a problem?

Yes. The Corporate Dispute Resolution Policy applies only to relief you might seek personally through the courts for a dispute. You are still free to consult with and file charges with the Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, or any other appropriate state or federal regulatory body regarding workplace disputes. The Company believes, however, that its internal procedures will negate the need to go to any outside agencies to obtain a satisfactory resolution of any workplace problems which you might have.

## Who pays the costs of Mediation and Arbitration?

The Company will pay all of the costs and expenses of any Mediator or Arbitrator appointed by AAA. In addition to the fees and expenses of the Mediator, the Company will also pay 90% of AAA's mediation administrative expenses; the employee will pay 10%. Also, the Company will pay 75% of AAA's arbitration administrative expenses; the employee will pay 25%. AAA is an independent organization and the Arbitrators and Mediators selected by AAA are not affiliated with the Company in any way. Even though the Company is paying most of the fees and expenses of the mediation and arbitration process, any Mediator or Arbitrator appointed will be impartial and not advised of the Company's payment obligations under this Policy.

## How soon must arbitration be requested?

Normally within one year. If an employee believes that a legally protected right has been violated, the Corporate Dispute Resolution Policy encourages the resolution of the dispute as quickly as possible. Employees should, as soon as possible, attempt to resolve disputes informally through normal Human Resource channels and the Open Door Policy. If the matter cannot be resolved the employee may then request mediation under the Corporate Dispute Resolution Policy. If the matter is still unresolved, and the employee desires to pursue arbitration, the employee must request arbitration within one year of the time the claim accrued, unless a statutory right is involved. In the case of a statutory right, the employee has the longer of one year, or the statute of limitations for the statutory right, to request arbitration.

# Exhibit "B"

YO HE RECIBIDO Y ENTIENDO LA POLITICA DE RESOLUCION DE DISPUTAS DE LA
CORPORACION Y LAS PREGUNTAS Y RESPUESTAS.

x _Luis Samaniego_                          _03/29/01_
Firma del Empleado                          Fecha

Nombre Impreso_ _Luis Samaniego_